UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL NEGERSMITH, :
                 Plaintiff, :
: **OPINION AND ORDER**
v. :
: 22 CV 10241 (VB)
UNITED STATES OF AMERICA, :
                 Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Michael Negersmith brings this personal injury action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), for injuries allegedly sustained when he was struck by a United States Postal Service ("USPS") vehicle while riding his motorcycle. Prior to bringing the lawsuit, plaintiff filed an administrative claim with the USPS for $502,500. (Doc. #45-4). After filing the instant action, plaintiff moved to amend and increase his damages demand beyond the amount he requested in his administrative claim. (Doc. #45). The Court denied the motion. (Doc. #53).

      Now pending is plaintiff's motion to certify for interlocutory appeal the Court's denial of plaintiff's motion to amend, pursuant to 28 U.S.C. § 1292(b). (Doc. #70).

      For the reasons set forth below, the Court declines to do so. Accordingly, the motion is DENIED.

I.     Background

      The Court assumes the parties' familiarity with these proceedings and recites only the factual background relevant to the instant issue.

      On October 16, 2024, plaintiff filed a motion to amend his demand for damages from $500,000, the amount listed as personal injury damages on the Standard Form 95 ("SF-95") filed in support of his administrative claim, to $5,000,000. (Docs. ##43, 45). On February 3, 2025,

1

the Court issued an Opinion and Order denying the motion (the "February Order"), concluding that plaintiff failed to satisfy the statutory requirements necessary to seek damages in excess of the amount listed on his SF-95.  (Doc. #53 at 9).  On February 5, 2025, at the parties' request, the Court referred the case to Magistrate Judge Reznik for settlement.  (Docs. ##54, 55).  A settlement conference was scheduled for March 26, 2025.  (Doc. #57).

Then, on March 4, 2025, plaintiff filed a notice of interlocutory appeal from the February Order.  (Doc. #60).  On March 14, 2025, plaintiff's counsel requested an adjournment of the settlement conference due to the pending appeal and noted plaintiff's reticence to engage in negotiations subject to the $500,000 damages limit.  (Doc. #61).  The settlement conference was adjourned without date.  (Doc. #64).

As plaintiff had not yet filed a motion addressing his interlocutory appeal, the Court ordered the government to address whether the February Order was appealable and whether plaintiff's notice of appeal divested the Court of jurisdiction.  (Doc. #62).  In a March 19, 2025, letter, the government argued the February Order was not appealable and that, as a result, this Court retained jurisdiction.  The government also noted plaintiff's failure to seek certification for an interlocutory appeal.  (Doc. #65).

The Court directed plaintiff to respond to the government's letter.  (Doc. #69).  On March 28, 2025, plaintiff moved to certify the February Order for appeal "because an interlocutory appeal will save judicial resources and streamline the litigation."[1]  (Doc. #70 at 1).  The government responded on April 4, 2025.  (Doc. #71).

---

[1] Plaintiff filed two nearly identical letters on March 28, 2025.  (Docs. ##68, 70).  Plaintiff offered no explanation for the second letter, which differs from the first by only one sentence.  (Doc. #70 at 3).  For clarity, the Court will construe the second letter as plaintiff's motion.

2

II.     Applicable Law

"Under 28 U.S.C. § 1292(b), a district court can certify a question for interlocutory appeal if the issue involves a controlling question of law as to which there is substantial ground for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation." Murray v. Metro. Life Ins. Co., 583 F.3d 173, 176 (2d Cir. 2009).[2] Even then, the question of law at issue must be a "pure question of law that the reviewing court could decide without knowledge of the record." Segedie v. The Hain Celestial Grp., Inc., 2015 WL 5916002, at *2 (S.D.N.Y. Oct. 7, 2015). "[M]ixed questions of law and fact are not appropriate for certification[.]" Freeman v. Nat'l Broadcasting Co., Inc., 1993 WL 524858, at *2 (S.D.N.Y. Dec. 15, 1993).

"Interlocutory appeals are strongly disfavored in federal practice." In re Adelphia Comms. Corp., 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). The standard to certify an order for interlocutory appeal is high because "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). The "would-be appellant" bears the burden of showing an interlocutory appeal is warranted. Casey v. Long Island R. Co., 406 F.3d 142, 146 (2d Cir. 2005).

If "a notice of appeal has been filed from an order that is non-appealable," meaning an order which is neither final nor appropriate for interlocutory review, "jurisdiction does not rest with the Court of Appeals but remains with the district court." Hoffenberg v. United States, 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004).

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

III.  Application

Here, plaintiff fails to show the criteria of Section 1292(b) have been met.  Accordingly, there are no exceptional circumstances justifying interlocutory review and this Court retains jurisdiction over this case.

First, whether plaintiff can seek damages beyond the amount claimed in his SF-95 is not a purely legal question.  See Murray v. Metro. Life Ins. Co., 583 F.3d at 176.  Instead, this inquiry turns on fact-intensive details about medical conditions plaintiff sustained as a result of the accident.  Under the FTCA, a plaintiff cannot seek damages that exceed the amount of the administrative claim presented to the appropriate agency unless "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency."  28 U.S.C. § 2675(b).  In other words, courts look to whether the increased amount sought was "foreseeable" at the time of the original claim such that an excess award may be warranted.  Malmberg v. United States, 816 F.3d 185, 197 (2d Cir. 2016).  Yet the issue of foreseeability necessarily involves questions of fact, including when plaintiff developed the conditions that he argues justify the increased damages award and whether these conditions were reasonably foreseeable at the time he filed his SF-95.  (Doc. #53 at 7–8).  Therefore, this inquiry presents mixed questions of law and fact that render it inappropriate for interlocutory review.  See, e.g., Power Travel Int'l, Inc. v. Am. Airlines, Inc., 2005 WL 1176072, at *3 (explaining that the "question of law must refer to a pure question of law that the reviewing court could decide quickly and clearly without having to study the record").

In addition, whether plaintiff may seek damages in excess of his administrative claim is not a "controlling question of law as to which there is substantial ground for difference of opinion."  Murray v. Metro. Life Ins. Co., 583 F.3d at 176. To determine whether a question of

law is controlling, courts consider whether "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion . . . could significantly affect the conduct of the action[; or] the certified issue has precedential value for a large number of cases." S.E.C. v. Credit Bancorp., Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).  Here, plaintiff's argument that interlocutory review is appropriate because it would facilitate settlement or avert a later appeal fails to address whether his motion implicates a controlling question of law.  (Doc. #70 at 2–3).  On the contrary, reversal of the February Order would neither dismiss nor significantly affect the conduct of this case, and the issue plaintiff seeks to certify does not have precedential value for a large number of other cases.  Regardless of the damages limit, plaintiff faces the risk of establishing liability and damages at trial, as well as the risk of unproductive settlement discussions.  A higher damages limit may shift the potential upside of these risks to plaintiff, but it would not guarantee settlement or otherwise significantly alter the case.

Moreover, plaintiff has not shown there is a substantial ground for difference of opinion with respect to the February Order.  Under Section 1292(b), there is "substantial ground for difference of opinion" when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression in the Second Circuit."  Hunter v. Debmar-Mercury LLC, 2024 WL 64768, at *3 (S.D.N.Y. Jan. 5, 2024).  It is well settled in the Second Circuit that the key inquiry in determining the applicability of the newly discovered evidence or intervening facts exceptions to the FTCA is whether the increased damages amount sought was "foreseeable" at the time of the original administrative claim.  Malmberg v. United States, 816 F.3d at 197; see also Malmberg v. United States, 777 F. App'x. 554, 557 (2d Cir. 2019) (holding that "changes in medical diagnosis can . . . satisfy the [FTCA] exception" if they are "new and previously unforeseen").  Plaintiff offers no authority to contravene this settled precedent, nor could he.

5

As this Court has previously concluded, the medical conditions plaintiff developed following the accident were not unforeseeable at the time he filed the SF-95. (Doc. #53 at 7–9). To recap, the accident occurred on May 27, 2021. (Doc. #45-2 ¶ 1). Following several initial medical appointments, plaintiff was seen by a neurologist on July 28, 2021. (Doc. #45-2 ¶ 26). The medical notes from that appointment show plaintiff was experiencing symptoms that could be "epileptic seizures . . . hallucinations or behavioral problems" and that these could "be either seizures or non-epileptic events" caused by the traumatic brain injury plaintiff sustained in the crash. (Doc. #45-19 at ECF 3)[3]. Plaintiff signed the SF-95 the same day and filed it a month later, on August 30, 2021. (Doc. #45-2 ¶ 3; #45-4). Thus, although plaintiff's formal diagnoses of seizure, adjustment, and major depressive disorders occurred after he filed his administrative claim, the diagnoses were not new or previously unforeseen at the time of filing.

Finally, plaintiff has failed to show that an interlocutory appeal would materially advance the ultimate termination of the litigation. Plaintiff contends that an immediate appeal will "force the parties to recognize their final exposure," avoid trial, and hasten settlement. (Doc. #70 at 2). At bottom, plaintiff seeks certification in the hope that a higher damages limit will lead to a more favorable settlement or a larger damages award at trial, but an appellate ruling on the damages cap now would not guarantee a settlement. Nor would it guarantee plaintiff's success at trial or his desired damages. In any event, the government intends to proceed with expert discovery and trial regardless of the damages cap. (Doc. #71 at 2).

The February Order does not meet the high standard for interlocutory review under Section 1292(b), which "is reserved for those cases where an intermediate appeal may avoid

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

6

protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996). As interlocutory review is not warranted, the February Order is non-appealable and this Court retains jurisdiction over this case.

IV.     Conclusion

Plaintiff's motion for certification of the February Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

By May 1, 2025, the parties shall submit a joint letter regarding whether they wish to proceed with a settlement conference before Judge Reznik or re-commence discovery. If the latter, the parties shall also submit a proposed fifth revised civil case discovery plan and scheduling order.

Dated:  April 17, 2025
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge