**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL NEGERSMITH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 22 Civ. 10241 (VB)<br><br>**XXXXXXXXX FINAL JUDGMENT** |

WHEREAS, plaintiff Michael Negersmith ("Plaintiff") brought this action against defendant the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), relating to a motor vehicle accident that occurred on May 27, 2021 involving a United States Postal Service ("USPS") vehicle;

WHEREAS, on July 28, 2021, prior to filing this action, Plaintiff presented an administrative claim to the USPS seeking damages in the amount of $502,500;

WHEREAS, by Opinion and Order dated February 4, 2025 (the "February 2025 Ruling"), the Court held that Plaintiff has not satisfied the requirements of 28 U.S.C. § 2675(b) to recover in excess of the amount sought in his administrative claim, and that Plaintiff's recoverable damages in this action are, therefore, limited to $502,500;

WHEREAS, by Order dated April 17, 2025, the Court denied Plaintiff's motion to certify the February 2025 Ruling for interlocutory appeal;

WHEREAS, solely for purposes of entry of final judgment and without admitting liability in any other action, proceeding, or context, Defendant does not contest that Plaintiff can establish liability and damages on his FTCA claim in the amount of $502,500;

WHEREAS, Defendant's agreement not to contest liability and damages in the amount of $502,500 is made solely to permit entry of this Judgment and to facilitate appellate review of the the February 2025 Ruling;

WHEREAS, the parties agree that Defendant's agreement not to contest liability and damages in the amount of $502,500 is not an admission or concession of liability or damages for any purpose, and shall not bind Defendant or be given preclusive or evidentiary effect, in any further proceedings in this action (including following any reversal, vacatur, modification, or remand) or in any other action or proceeding;

WHEREAS, Plaintiff maintains that his damages exceed $502,500 and preserves his objection to the Court's February 2025 Ruling limiting his recovery under 28 U.S.C. § 2675(b);

WHEREAS, but for the Court's February 2025 Ruling limiting his recovery under 28 U.S.C. § 2675(b), Plaintiff would seek to prove damages in excess of $502,500;

WHEREAS, the parties stipulate to entry of this Judgment solely to facilitate appellate review of the February 2025 Ruling, and that this is intended to be a final, appealable judgment under 28 U.S.C. § 1291;

WHEREAS, Plaintiff waives any entitlement to post-judgment interest under 31 U.S.C. § 1304(b) or any other applicable law accruing following the entry of this Judgment;

WHEREAS, the parties agree that Defendant shall not be obligated to pay the damages of $502,500 owed to Plaintiff under this Judgment until this Judgment is Finally Resolved, as that term is defined below; and

WHEREAS, the parties agree that no issues remain to be tried in light of the Court's February 2025 Ruling limiting Plaintiff's recoverable damages to $502,500 and the Defendant's

position that it will not contest liability or damages up to that amount for purposes of final judgment;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that final judgment is entered in favor of Plaintiff and against Defendant in the amount of $502,500.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment resolves all claims asserted by Plaintiff against the Defendant in this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's right to seek appellate review of the Court's February 2025 Ruling limiting his recovery under 28 U.S.C. § 2675(b) is preserved. Nothing in this Judgment shall be construed as a waiver by Plaintiff of his contention that the Court erred in limiting his recoverable damages to $502,500 and nothing in this Judgment shall be construed as a waiver by Defendant of any argument in defense of the Court's February 2025 Ruling or this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment shall be deemed "Finally Resolved" on the date of the earliest of the following: (a) the expiration of the time to file a notice of appeal if no appeal is timely filed; (b) the issuance of the mandate (or equivalent) following resolution of all appeals, including any petitions for rehearing, rehearing en banc, or discretionary or further review, and the expiration of all periods within which such review may be sought; or (c) the entry of a final order dismissing the appeal with no further appeal available.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall have no obligation to pay any amount awarded under this Judgment, and no such amount shall be due, owing, or enforceable, unless and until the Judgment is Finally Resolved. The period from entry of this Judgment until it is Finally Resolved shall be the "Deferral Period."

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if, upon final resolution of the appeal, this Judgment is affirmed, Defendant shall pay the amounts awarded herein within 90 days after the Judgment is Finally Resolved. If the Judgment is reversed, vacated, modified, or remanded, the parties' respective payment obligations shall be governed by the appellate court's disposition and any subsequent order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's agreement not to contest liability and damages in the amount of $502,500 is made solely for purposes of entry of this Judgment to facilitate appellate review of the February 2025 Ruling. Such agreement is not an admission or concession of liability or damages for any purpose, and shall not bind Defendant or be given preclusive or evidentiary effect in any further proceedings in this action (including following any reversal, vacatur, modification, or remand) or in any other action or proceeding; and in the event of any such reversal, vacatur, modification, or remand, Defendant shall be free to contest any and all issues of liability and damages, including at any trial or other further proceedings in this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff is not entitled to post-judgment interest under 31 U.S.C. § 1304(b) or any other applicable law accruing following the entry of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff shall not seek to execute upon, enforce, or otherwise collect on this Judgment during the Deferral Period.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that enforcement of this Judgment is stayed until the Judgment is Finally Resolved.

The Clerk of Court is respectfully directed to enter this Judgment accordingly and close this case.

Dated: New York, New York
July 30, 2026

NEW YORK INJURY LAW, LLP
*Attorney for Plaintiff*

By: ______________________
JOHN DEGASPARIS
New York Injury Law, LLP
326 Washington Avenue, Suite 2
P.O. Box 3037
Kingston, NY 12402
Tel.: (845) 777-9467
Email: jad@newyorkinjurylaw.net

Dated: New York, New York
July 27, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By: ______________________
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Fl.
New York, NY 10007
Tel.: (212) 637-2663
Email: Tara.Schwartz@usdoj.gov

SO ORDERED:

______________________
HON. VINCENT BRICCETTI
United States District Judge
8/4/2026